## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOHN L. KIDWELL,**           ) | |
|                                ) | |
| **Plaintiff,**   ) | |
|                                ) | **CIVIL ACTION** |
| v.                             ) | |
|                                ) | **No. 07-2136-KHV** |
| **BURLINGTON NORTHERN SANTE FE** ) | |
| **RAILWAY COMPANY,**           ) | |
|                                ) | |
| **Defendant.**   ) | |
| _____) | |

### MEMORANDUM AND ORDER

Plaintiff brings suit against Burlington Northern Sante Fe Railway Company alleging negligence under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. This matter comes before the Court on defendant's Opening Motion/Memorandum *In Limine* Or, In The Alternative, Motion For Additional Time To Designate Experts ("Defendant's Motion") (Doc. #21) filed August 16, 2007, which the Court construes as a motion to strike plaintiff's expert designations or, in the alternative, for leave to designate rebuttal experts out of time. Plaintiff has not responded. For reasons stated below, the Court sustains the motion in part.

On August 15, 2007, plaintiff served expert disclosures in accordance with the Court's scheduling order. See Scheduling Order (Doc. #12) filed May 21, 2007 at 5 (plaintiff's expert disclosures due August 15, 2007); Certificate Of Service (Doc. #20) filed August 15, 2007. Plaintiff designated E. Dean Ward to testify regarding "Federal Rules violations and railroad violations." Plaintiff John L. Kidwell's Federal Rules Of Civil Procedure 26(a)(2) Disclosures, attached as Exhibit A to Defendant's Motion (Doc. #21) at 1. Plaintiff's designation stated that "Ward's report is not yet available but will be provided upon receipt." Id. Plaintiff designated his treating physician, Matthew

R. Galliano, to testify regarding "the nature and extent of Plaintiff's physical injuries" and other matters related to his medical records. Id. at 2. Plaintiff's designation also reserved the right "to call an economist and a vocational expert if the case [was] not settled at mediation" and "to qualify railroad employees called to testify as expert witnesses." Id. at 3.

The expert designations are governed by Rule 26(a)(2), Fed. R. Civ. P., which provides as follows:

> (A) . . . [A] party shall disclose to other parties the identity of any person who may be used at trial to present [expert testimony].
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition with the preceding four years.
> (C) These disclosures shall be made at the times and in the sequence directed by the court.

Fed. R. Civ. P. 26(a)(2)(A)-(C). Rule 37(c)(1) allows for exclusion of witnesses and evidence where a party "without substantial justification fails to disclose information required by Rule 26(a) . . . unless such failure is harmless." Defendant argues that plaintiff's expert designations are insufficient under Rule 26(a)(2) because they do not contain "specific opinions and [the] basis for each such opinion." Defendant's Motion (Doc. #21) at 1.

The Court may properly strike expert designations which do not include written reports setting forth the expert opinions and underlying bases of those opinions. Hall v. United Parcel Serv., No. 99-2467-CM, 2000 WL 554059, at *1-2 (D. Kan. Apr. 28, 2000) (striking expert designation which did not include Rule 26(a)(2)(B) report). Ward's written report is not attached to plaintiff's expert designations,

-2-

and plaintiff's suggestion that he will provide the expert report when it becomes available is not sufficient. See Nguyen v. IBP, Inc., 162 F.R.D. 675, 681 (D. Kan. 1995) ("A party may not simply retain an expert and then make whatever disclosures the expert is willing or able to make notwithstanding the known requirements of Rule 26."). As to the unnamed economist, vocational expert and railroad employees, plaintiff's expert designations are clearly defective. The scheduling order required plaintiff to serve expert disclosures by August 15, 2007, and he may not circumvent that order by purporting to reserve the right to name experts at a later date. See Hannah v. Roadway Express, Inc., 200 F.R.D. 651, 654 (D. Colo. 2001) (scheduling order not frivolous piece of paper, idly entered, which can be cavalierly disregarding by counsel without peril). Moreover, these designations are not accompanied by written reports as required by Rule 26(a)(2)(B). Plaintiff's failure to respond to defendant's motion prevents the Court from finding substantial justification for his noncompliance with Rule 26(a)(2), or lack of harm therefrom. Accordingly, the Court strikes plaintiff's expert designations of Ward and the unnamed economist, vocational expert and railroad employees.

As to Galliano, the expert designation indicates that he is plaintiff's treating physician. Because treating physicians are not experts "retained or specially employed to provide expert testimony," they are not subject to the requirements of Rule 26(a)(2)(B), including the preparation of a written report. See Johnson v. Kraft Foods N. Am., No. 05-2093-JWL-DJW, 2007 WL 734956, at *2 (D. Kan. Mar. 7, 2007) (expert designation of treating physician governed only by Rule 26(a)(2)(A)). The expert designation of a treating physician need only include his or her identity under Rule 26(a)(2)(A). The designation of Galliano is therefore sufficient and the Court will not strike it.

In the alternative to striking plaintiff's expert designations, defendant requests an extension of time to counter-designate its own experts. Defendant filed its motion to strike before the deadline to

designate rebuttal experts, see Scheduling Order (Doc. #12) at 5 (rebuttal experts due by October 1, 2007), and it apparently chose not to designate its rebuttal experts until the Court decided its motion to strike, see Defendant's Motion (Doc. #21) at 1-2.  To justify a modification of the scheduling order, defendant must show good cause for such modification.  See Fed. R. Civ. P. 16(b).  Here, the expert designation of Galliano complied with the scheduling order and, as noted above, satisfied Rule 26(a)(2). Because the law is clear that treating physicians are not required to provide written expert reports, the Court finds no reasonable basis for defendant's objection to Galliano or its choice to not designate a rebuttal expert until the Court decided the motion to strike.  Defendant therefore has not demonstrated good cause for noncompliance with the scheduling order, and the Court will not grant defendant leave to designate rebuttal experts out of time.

**IT IS THEREFORE ORDERED** that defendant's Opening Motion/Memorandum *In Limine* Or, In The Alternative, Motion For Additional Time To Designate Experts (Doc. #21) filed August 16, 2007 be and hereby is **SUSTAINED in part**.  The Court strikes plaintiff's expert designations of Ward and the unnamed economist, vocational expert and railroad employees.  Plaintiff's expert designation of Galliano remains.  The Court overrules defendant's alternative motion for extension of time to counter-designate rebuttal experts.

Dated this 31st day of December, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge